UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DAVID P. DINSLAGE,<br><br>  Plaintiff,<br><br>  vs.<br><br>CITY & COUNTY OF SAN FRANCISCO; PARKS & RECREATION DEPARTMENT OF THE CITY & COUNTY OF SAN FRANCISCO; SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 1021; DENNIS KERN, Director of Operations; PHIL GINSBURG; and DOES 1 through 100 inclusive,<br><br>  Defendants. | Case No:  C 11-3727 SBA<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Docket 16. |

On June 29, 2011, David Dinslage ("Plaintiff") filed a complaint in the Superior Court of the State of California, County of San Francisco, alleging, among other things, a wrongful termination claim against Defendants City & County of San Francisco (the "City"), the Parks & Recreation Department of the City & County of San Francisco (the "PRD"), Service Employees International Union, Local 1021 ("SEIU"), Dennis Kern, ("Kern") and Phil Ginsburg ("Ginsburg") (collectively "Defendants").  The City removed the action to this court with the consent of SEIU on basis of federal question jurisdiction. 28 U.S.C. §§ 1441(a), 1331.  The parties are presently before the Court on Plaintiff's motion to remand and request for attorney's fees. Dkt. 16.  The City opposes the motion and request for attorney's fees. Dkt. 20.  Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the

motion to remand and DENIES the request for attorney's fees.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I. BACKGROUND

### A. Factual Background

Plaintiff was employed by the City and the PRD from 1972 until 2011.  Compl. ¶ 1, Dkt. 1, Exh. A.  Over his 35 years of employment, Plaintiff served in various capacities including as a "3287 Assistant Recreation Supervisor."  Id. ¶ 5.  During his career, Plaintiff developed and implemented programs in the PRD for disabled persons, including persons with physical, emotional, and other disabilities.  Id. ¶ 11.  According to Plaintiff, he had a distinguished career and received awards for his work with handicapped persons.  Id. ¶ 2.  He also allegedly had an exemplary personnel record.  Id. ¶ 6.  Plaintiff is over 60 years old.  Id. ¶¶ 20-21.

The City is a municipal corporation and the PRD is a division thereof.  Compl. ¶ 3.  Mr. Kern, is PRD's Director of Operations, and Mr. Ginsburg is the PRD's General Manager.[1]  Id.  Plaintiff alleges that, at all relevant times, the acts of the PRD were controlled by Mr. Kern and Mr. Ginsburg.  Id.

Due to a proposed "revamp" of the PRD, Plaintiff was advised of his eligibility to apply for various new positions within the PRD, including Recreation Manager, Recreation Supervisor, Program Coordinator, and Facility Coordinator.  Compl. ¶ 7.  Plaintiff timely applied for a Facility Coordinator position.  Id.  The application process involved 4 steps.  Id. ¶ 8.  Plaintiff successfully passed the first three steps, but did not pass the fourth step, which involved an interview process conducted by several persons, including Mr. Kern.  Id. ¶¶ 3, 8-10.  Plaintiff claims that while four supervisors selected him to serve in one of the available positions, each of the supervisors was "advised directly or expressly through [Mr.

---

[1] The Notice of Removal indicates that Mr. Ginsburg is the General Manager of the PRD.  Notice of Removal at 2 n. 1.

Kern] that Plaintiff . . . would not be approved under any circumstances for . . . continuing employment." Id. ¶ 10.

Plaintiff alleges that Mr. Kern and Mr. Ginsburg attempted to eliminate programs benefitting the disabled community served by the PRD, including an annual car show which raised money for disability programs. Compl. ¶¶ 13-14. At a hearing about this issue, Plaintiff spoke out in protest of the decision to eliminate the car show. Id. ¶ 14.

Thereafter, Mr. Kern and Mr. Ginsburg attempted to eliminate employees known as "Category 3280 Assistants." Compl. ¶ 15. During a meeting about this issue, Plaintiff spoke out on behalf of the employees and Mr. Kern "expressed unreasonable and unsupportable animus toward and against [Plaintiff] as a result [of] his participation in the public forum and exercising his first amendment rights to seek a redress of issues as they affected the Assistant 3280 employees . . . [as] allowable under [PRD] rules and procedures." Id. Plaintiff alleges that Mr. Kern "made it known by oral threats and comments that Plaintiff . . . was being targeted by Mr. Kern for elimination, all in retaliation for the exercise of established procedures in place within the [City], and contrary to established guidelines." Id.

Sometime later, Mr. Kern and Mr. Ginsburg attempted to eliminate disability programs put in place by Plaintiff. Compl. ¶ 16. According to Plaintiff, Mr. Kern and Mr. Ginsburg sought to alter the disability programs such that disabled employees would be included in "mainstream" programs, rather than set aside specialized recreation programs on a segregated basis consistent with the requirements of the "ADA." Id. Although Plaintiff provided Mr. Kern and Mr. Ginsburg with a full explanation of the "numerous classifications of disabled persons who would not be able to participate in an inclusive program based upon mental disabilities, and inability to participate in an environment with non-disabled persons," Mr. Kern and Mr. Ginsburg nonetheless eliminated the disability programs put in place by Plaintiff. Id. ¶¶ 16-17.

On August 13, 2010, Plaintiff was terminated. Compl. ¶ 22. Plaintiff alleges that he was terminated "in retaliation for . . . speaking in favor of the disabled" and the "[PRD]

1  employees who were otherwise to lose their jobs, and in an attempt to undermine the set-
2  aside disability programs." Id. ¶ 18.  In addition, Plaintiff alleges that he was terminated on
3  the basis of age discrimination. Id. ¶ 20.  Plaintiff further alleges that he was discriminated
4  against "based upon his support for the handicapped beneficiaries of the [disability]
5  programs," and on "the basis of mental disabilities, medical condition(s), and/or age." Id. ¶
6  21, 40.  According to Plaintiff, at all relevant times, his acts and conduct were "protected
7  activity in the face of discriminatory conduct of defendants and each of them, and the acts
8  of said defendants and each of them were retaliatory in nature, were undertaken with a
9  purpose and intent to derail plaintiff's career, and . . . thus [constitute] adverse employment
10 actions prohibited under the provisions of the DFEH." Id. ¶ 38.
11         On April 13, 2011, Plaintiff filed an administrative claim with the California
12 Department of Fair Employment & Housing ("DFEH") "outlining the discriminatory
13 conduct" as set forth in paragraphs 5-21 of his complaint.  Compl. ¶¶ 32, 36.  The DFEH
14 issued a right to sue letter dated May 3, 2011. Id. ¶¶ 32, 37.
15         **B.     Procedural History**
16         On June 29, 2011, Plaintiff filed a complaint in San Francisco Superior Court
17 alleging one cause of action against the City for unlawful termination in violation of the
18 California Fair Employment & Housing Act ("FEHA"), Gov't Code § 12900 et seq., and
19 the Unruh Civil Rights Act ("Unruh Act") , Cal. Civ. Code §§ 51, 54 and 54.1.  Dkt. 1  On
20 July 29, 2011, the City filed a Notice of Removal with the consent of SIEU on the basis of
21 federal question jurisdiction. Id.  The notice alleges that this Court has federal question
22 jurisdiction because the complaint alleges a claim under 42 U.S.C. § 1983 for violation of
23 Plaintiff's First Amendment free speech rights. Id.  More specifically, the notice alleges
24 that federal question jurisdiction exists because Plaintiff alleges that "Defendants City,
25 Dennis Kern and Phil Ginsburg punished and retaliated against him 'as a result in [sic] his
26 participation in the public forum and exercising his first amendment rights to seek redress
27 of issues.' " Id.  The notice further alleges that "[i]n his First Cause of Action, Plaintiff
28 alleges 'Unlawful Termination of Employment' based on 'protected activity' which he

described earlier in the Complaint as speaking at a public forum against changes at the [PRD]." Id.

The other defendants, Mr. Kern, Mr. Ginsburg, and the PRD, did not join in the removal, ostensibly because they had not yet been served at the time the notice was filed. On August 16, 2011, Plaintiff filed a motion to remand the action and a request for an award of attorney's fees and costs under 28 U.S.C. § 1447(c). Dkt. 16. The City filed an opposition on August 30, 2011. Dkt. 20. A reply was filed on September 1, 2011. Dkt. 23.

## II.    DISCUSSION

### A.    Legal Standard

"A motion to remand is the proper procedure for challenging removal." Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009). Remand may be ordered either for lack of subject matter jurisdiction or for any defect in the removal procedure. See 28 U.S.C. §1447(c). "[R]emoval statutes are strictly construed against removal." Luther v. Countrywide Home Loans Servicing, LP, 533 F.3d 1031, 1034 (9th Cir. 2008). "The presumption against removal means that the defendant always has the burden of establishing that removal is proper." Moore-Thomas, 553 F.3d at 1244. As such, any doubts regarding the propriety of the removal favors remanding the case. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

### B.    Federal Question Jurisdiction

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. Caterpillar, Inc., v. Williams, 482 U.S. 386, 392 (1987). The rule makes the plaintiff the master of his complaint; he or she may avoid federal jurisdiction by exclusive reliance on state law. Id.; Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009).

1  More specifically, the "arising under" qualification of § 1331 confers district courts
2  with jurisdiction to hear "[o]nly those cases in which a well-pleaded complaint establishes
3  either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief
4  necessarily depends on resolution of a substantial question of federal law." Armstrong v.
5  N. Mariana Islands, 576 F.3d 950, 954-955 (9th Cir. 2009) (internal quotation marks
6  omitted). In other words, the federal law must be a "necessary element" of the state law
7  claim. Id.
8  Whether the complaint states a claim arising under federal law must be ascertained
9  by the legal construction of the plaintiff's allegations, and not by the effect attributed to
10 those allegations by the adverse party. Ultramar America Ltd. v. Dwelle, 900 F.2d 1412,
11 1414 (9th Cir. 1990).

**C.  Motion to Remand**

Plaintiff contends that remand is appropriate because the complaint does not allege a claim under § 1983 against the City for violation of his First Amendment rights. The Court agrees.

The Court has reviewed Plaintiff's complaint and concludes that it does not contain a well-pleaded federal claim on its face against the City. The complaint alleges one state law cause of action against the City for unlawful termination. The allegations in support of this claim do not mention § 1983 or any other federal basis for relief against the City. Rather, the claim alleges unlawful termination in violation of state laws, including various provisions of the FEHA,[2] which, among other things, protects employees from various forms of discrimination in employment, Cal. Gov't Code § 12940(a), and forbids employers from retaliating against employees who have acted to assert protections afforded

---

[2] Plaintiff's first cause of action also alleges that Defendants have "denied rights to plaintiff protected by the [Unruh Act]." Compl. ¶ 43.

thereunder, id. § 12940(h).[3]  Plaintiff's decision to file suit in state court and not to allege a federal claim demonstrates that Plaintiff exercised his right as "the master of his complaint" to rely exclusively on state law.  Caterpillar, 482 U.S. at 392; Hunter, 582 F.3d at 1042.

Nor does the Court find that "plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  Armstrong, 576 F.3d at 955.  While one paragraph in the complaint makes a reference to the fact that Plaintiff was exercising his "first amendment rights" in speaking out against his supervisors, the unlawful termination claim alleged against the City is not expressly dependent on a violation of the First Amendment.  A violation of free speech rights under the First Amendment is not a "necessary element" of Plaintiff's state law claim against the City.  Plaintiff's right to relief under the FEHA and the Unruh Act does not require resolution of whether Plaintiff's First Amendment rights were infringed in violation of § 1983.  Thus, even if Plaintiff's complaint could be construed as referring to a violation of the First Amendment, resolution his unlawful termination cause of action does not turn on the construction of federal law.

**D.  Attorney's Fees**

Where a case is improperly removed, the Court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." U.S.C. § 1447(c).  The Court has "wide discretion" under §1447(c).  Moore v. Permanente Medical Group, Inc., 981 F.2d 443, 447 (9th Cir. 1992).  However, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).  Here, the City had an objectively reasonable basis

---

[3] To state a claim for discrimination under FEHA, a plaintiff must allege that: "(1) he was a member of a protected class, (2) he . . . was performing competently in the position he held, (3) he suffered an adverse employment action, such as termination, . . . and (4) some other circumstance suggests discriminatory motive."  Guz v. Bechtel Nat'l Inc., 24 Cal.4th 317, 355 (2000) (citation omitted).  "[I]n order to establish a prima facie case of retaliation under the FEHA, a plaintiff must show (1) he or she engaged in a 'protected activity,' (2) the employer subjected the employee to an adverse employment action, and (3) a causal link existed between the protected activity and the employer's action."  Yanowitz v. L'Oreal USA, Inc., 36 Cal.4th 1028, 1042 (2005).

for removing the action based on federal question jurisdiction.  That the City ultimately failed to carry its burden of establishing removal jurisdiction does not render the removal objectively unreasonable.  Plaintiff's request for attorney fees and costs is therefore DENIED.

## III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion to remand is GRANTED.  Pursuant to 28 U.S.C. § 1447(c), the instant action is remanded to the Superior Court of the State of California, County of San Francisco.

2. Plaintiff's request for an award of attorney's fees and costs is DENIED.

3. This Order terminates Docket 16.

4. The Clerk shall close the file.

IT IS SO ORDERED.

Dated: 1/31/12

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge